UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SUE E. DELANEY,<br><br>Defendant | Criminal No. 20cr40031<br><br>Violations:<br><br>Count One: Conspiracy to Commit Theft of Public Money<br>(18 U.S.C. § 371)<br><br>Count Two: Theft of Public Money<br>(18 U.S.C. § 641)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant, Sue E. DELANEY, resided in Lunenburg, Massachusetts, or elsewhere in the District of Massachusetts.

2. DELANEY was married to Individual A.

3. G.A. was Individual A's mother and DELANEY'S mother-in-law.

4. G.A. began receiving Retirement Insurance Benefits from the Social Security Administration ("SSA") in 1976. After her husband passed away, G.A. applied for Widow's Insurance Benefits from SSA based on her husband's earnings record. In 1982, SSA allowed G.A.'s application for Widow's Insurance Benefits and G.A. began receiving a combination of Retirement Insurance Benefits and Widow's Insurance Benefits each month. At the time of her death on November 7, 1999, G.A.'s monthly Social Security benefits were directly

deposited by the United States Treasury into her checking account at Digital Federal Credit Union.

5. G.A. was the primary owner of the account into which her Social Security benefits were deposited. DELANEY and Individual A were listed as legal owners of the account. As legal owners, DELANEY and Individual A could access G.A.'s account and withdraw funds from G.A's account.

6. G.A. died on November 7, 1999.

7. Neither DELANEY nor Individual A ever reported G.A's death to SSA.

8. Because SSA was not notified of G.A.'s death, the United States Treasury, on behalf of SSA, continued to pay monthly Social Security benefits to G.A. via direct deposit into G.A.'s account at Digital Federal Credit Union after G.A.'s death.

## Object and Purpose of the Conspiracy

9. The object of the conspiracy was to commit theft of federal funds; namely, Social Security benefits. The principal purpose of the conspiracy was to enrich DELANEY and Individual A by stealing Social Security benefits paid for the benefit of G.A. after G.A.'s death.

## Manner and Means of the Conspiracy

10. Among the manner and means by which DELANEY and Individual A carried out the conspiracy were the following:

   a. Failing to report G.A's death to SSA.

   b. Transferring the Social Security benefits deposited into G.A.'s account for G.A.'s benefit into a different account.

   c. Using the Social Security benefits for their own personal uses.

Overt Acts in Furtherance of the Conspiracy

11. DELANEY and Individual A committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

    a. On May 25, 2000, DELANEY and/or Individual A transferred $1,000 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

    b. On November 7, 2006, DELANEY and/or Individual A transferred $1,000 from G.A.'s account into a business checking account held solely by DELANEY at Digital Federal Credit Union.

    c. On July 2, 2007, DELANEY and/or Individual A transferred $1,000 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

    d. On July 3, 2007, DELANEY and/or Individual A withdrew $302.75 of the funds transferred from G.A.'s account via an automated teller machine at Foxwoods Casino.

    e. On July 5, 2007, DELANEY and/or Individual A withdrew an additional $302.75 of the funds transferred from G.A.'s account via an automated teller machine at Foxwoods Casino.

    f. On June 27, 2008, DELANEY and/or Individual A transferred $1,000 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

    g. On June 28, 2008, DELANEY and/or Individual A transferred the $1,000 from their joint checking account into a business checking account held solely by DELANEY at Digital Federal Credit Union.

    h. On September 10, 2010, DELANEY and/or Individual A transferred $500 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

i.  On September 10, 2010, DELANEY and/or Individual A withdrew $403.75 of the funds transferred from G.A.'s account via an automated teller machine at Twin River Casino.

j.  On January 13, 2012, DELANEY and/or Individual A transferred $2,200 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

k.  On January 13, 2012, DELANEY and/or Individual A withdrew the $2,200 in transferred funds as cash.

l.  On March 1, 2014, DELANEY and/or Individual A transferred $1,000 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

m.  On March 1, 2014, DELANEY withdrew the $1,000 in transferred funds as cash.

n.  On February 17, 2016, DELANEY and/or Individual A transferred $3,000 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

o.  On February 17, 2016, DELANEY withdrew the $3,000 in transferred funds as cash.

p.  On October 11, 2016, DELANEY and/or Individual A transferred $4,500 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

q.  On October 11, 2016, DELANEY withdrew the $4,500 in transferred funds as cash.

r.  On January 20, 2017, DELANEY and/or Individual A transferred $3,000 from G.A.'s account into their joint checking account at Digital Federal Credit Union.

s.  On January 20, 2017, DELANEY withdrew the $3,000 in transferred

funds as cash.

        t.        On May 26, 2017, DELANEY falsely told agents with SSA's Office of Inspector General that she did not know whether G.A. was still alive.

<u>COUNT ONE</u>
Conspiracy to Commit Theft of Public Money
(18 U.S.C. § 371)

The Grand Jury charges:

12. The Grand Jury re-alleges and incorporates by reference paragraphs 1-11 of this Indictment.

13. From in or about November 1999 through in or about April 2017, in the District of Massachusetts, and elsewhere, the defendant,

SUE E. DELANEY,

conspired with Individual A to commit an offense against the United States, to wit, Theft of Public Money, that is, to steal, purloin, and convert to their use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits, having a value of approximately $221,656.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>
Theft of Government Money
(18 U.S.C. § 641)

The Grand Jury further charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1-11 of this Indictment.

15. From in or about November 1999 through in or about April 2017, in the District of Massachusetts, and elsewhere, the defendant,

SUE E. DELANEY,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to her use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits, having a value of approximately $221,656.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

16. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 641, set forth in Counts One and Two, the defendant,

SUE E. DELANEY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following asset:

  a. At least $221,656 in United States currency, to be entered in the form of a forfeiture money judgment.

17. If any of the property described in Paragraph 16, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 16 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
KAREN B. BURZYCKI
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: AUGUST 27, 2020
Returned into the District Court by the Grand Jurors and filed.

Thomas F. Quinn  8/27/20 @ 4:35pm
_____
DEPUTY CLERK